CLERK'S OFFICE U.S. DIST. COURT
AT HARRISONBURG, VA
FILED

JUL 3 1 2006

JOHN F. CORCORAN, CLERK
BY: /s/ Kbotson
DEPUTY CLERK

IN UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
HARRISONBURG DIVISION

| | |
|---|---|
| RUBBERMAID COMMERCIAL PRODUCTS LLC<br>3124 Valley Avenue<br>Winchester, Virginia 22601<br><br>Plaintiff,<br><br>v.<br><br>JANSCO CORP.<br>432 Dahill Road<br>Brooklyn, New York 11218<br><br>Defendant. | CIVIL ACTION NO. 5:06CV00069<br><br>JUDGE: Wilson |

## COMPLAINT FOR PATENT INFRINGEMENT
### (JURY DEMAND)

For its Complaint against Defendant, Jansco Corp. ("Jansco"), Plaintiff Rubbermaid Commercial Products LLC ("Rubbermaid") states as follows:

### PARTIES

1.  Plaintiff Rubbermaid is a corporation organized and existing under the laws of the State of Delaware and having a place of business at 3124 Valley Avenue, Winchester, Virginia 22601.

2.  Upon information and belief, Defendant Jansco is a New York corporation having a place of business at 432 Dahill Road, Brooklyn, New York 11218, and is offering products for sale in the United States and in this judicial district.

### JURISDICTION

3.  This action arises under the Patent Laws of the United States, Title 35, United States Code § 271(a). This Court has jurisdiction under 28 U.S.C. § 1338(a).

4. Venue is proper in this judicial district under 28 U.S.C. § 1391(b).

## COUNT I: INFRINGEMENT OF U.S. DESIGN PATENT NO. D374,321

5. Rubbermaid incorporates by reference herein the allegations of Paragraphs 1-4 of its Complaint.

6. Rubbermaid is engaged in manufacture and sale of cleaning products, among other things, and is the owner of U.S. Design Patent No. D374,321 ("the '321 Patent") for a "Mop Bucket." A true and accurate copy of the '321 Patent is attached as Exhibit A.

7. Jansco has infringed and continues to infringe the '321 Patent through its manufacture, sale, offer for sale and/or use of mop buckets within the United States, illustrated in the attached Exhibit B, having substantially the same design and incorporating the novel features of the mop bucket claimed in the '321 Patent.

8. Jansco has knowingly and willfully infringed the '321 Patent.

9. Jansco's infringement of the '321 Patent has and will continue to cause Rubbermaid damage and irreparable harm unless enjoined by this Court.

## COUNT II: INFRINGEMENT U.S. DESIGN PATENT NO. D395,530

10. Rubbermaid incorporates by reference herein the allegations of Paragraphs 1-9 of its Complaint.

11. Rubbermaid is engaged in the manufacture and sale of cleaning products, among other things, and is the owner of U.S. Design Patent No. D395,530 ("the '530 Patent") for a "Mop Bucket Sidewall." A true and accurate copy of the '530 Patent is attached as Exhibit C.

12. Jansco has infringed and continues to infringe the '530 Patent through its manufacture, sale, offer for sale and/or use of mop buckets within the United States, illustrated in

the attached Exhibit B, having substantially the same design and incorporating the novel features of the mop bucket sidewall claimed in the '530 Patent.

13. Jansco has knowingly and willfully infringed the '530 Patent.

14. Jansco's infringement of the '530 Patent has and will continue to cause Rubbermaid damage and irreparable harm unless enjoined by this Court.

### COUNT III: INFRINGEMENT U.S. DESIGN PATENT NO. D395,531

15. Rubbermaid incorporates by reference herein the allegations of Paragraphs 1-14 of its Complaint.

16. Rubbermaid is engaged in the manufacture and sale of cleaning products, among other things, and is the owner of U.S. Design Patent No. D395,531 ("the '531 Patent") for a "Mop Bucket." A true and accurate copy of the '531 Patent is attached as Exhibit D.

17. Jansco has infringed and continues to infringe the '531 Patent through its manufacture, sale, offer for sale and/or use of mop buckets within the United States, illustrated in the attached Exhibit B, having substantially the same design and incorporating the novel features of the mop buckets claimed in the '531 Patent.

18. Jansco has knowingly and willfully infringed the '531 Patent.

19. Jansco's infringement of the '531 Patent has and will continue to cause Rubbermaid damage and irreparable harm unless enjoined by this Court.

### COUNT IV: INFRINGEMENT OF U.S. DESIGN PATENT NO. D362,941

20. Rubbermaid incorporates by reference herein the allegations of Paragraphs 1-19 of its Complaint.

21. Rubbermaid is engaged in the manufacture and sale of cleaning products, among other things, and is the owner of U.S. Design Patent No. D362,941 ("the '941 Patent") for a "Mop Wringer." A true and accurate copy of the '941 Patent is attached as Exhibit E.

22. Jansco has infringed and continues to infringe the '941 Patent through its manufacture, sale, offer for sale and/or use of mop wringers within the United States, illustrated in the attached Exhibit B, having substantially the same design and incorporating the novel features of the mop wringer claimed in the '941 Patent.

23. Jansco has knowingly and willfully infringed the '941 Patent.

24. Jansco's infringement of the '941 Patent has and will continue to cause Rubbermaid damage and irreparable harm unless enjoined by this Court.

## PRAYER FOR RELIEF

Plaintiff Rubbermaid prays for the following relief:

A. A judgment that Jansco has infringed and continues to infringe Rubbermaid's '321, '530, '531, and '941 Patents.

B. A judgment that Jansco's infringement has been willful.

C. A judgment against Jansco awarding Rubbermaid damages pursuant to 35 U.S.C. §§ 284 and 289 on account of Jansco's infringement of the '321, '530, '531 and '941 Patents.

D. A judgment that Rubbermaid's damages be trebled and that punitive damages be assessed against Jansco in accordance with 35 U.S.C. § 284.

E. A preliminary injunction against Jansco and its servants, agents, officers, employees, divisions, subsidiaries and any entity acting in concert with it, pursuant to 35 U.S.C. § 283, from infringing Rubbermaid's '321, '530, '531 and '941 Patents.

F.	A permanent injunction against Jansco and its servants, agents, officers, employees, divisions, subsidiaries and any entity acting in concert with it, pursuant to 35 U.S.C. § 283, from infringing Rubbermaid's '321, '530, '531 and '941 Patents.

G.	A judgment that this is an exceptional case and that Rubbermaid be awarded reasonable attorney fees pursuant to 35 U.S.C. § 285.

H.	A judgment that Jansco be directed to pay Rubbermaid its costs incurred herein and such other and further relief as the Court deems just and equitable.

Respectfully submitted,

_____
Daniel L. Fitch (Virginia State Bar No. 26362)
WHARTON, ALDHIZER & WEAVER, PLC
Post Office Box 20028
100 South Mason Street
Harrisonburg, Virginia 22801-7528
Telephone:	(540) 434-0316
Facsimile:	(540) 434-5502

Todd R. Tucker (Ohio Reg. No. 0065617)
Thomas G. Fistek (Ohio Reg. No. 0077915)
RENNER, OTTO, BOISSELLE & SKLAR, LLP
1621 Euclid Avenue
Nineteenth Floor
Cleveland, Ohio 44115
Telephone:	(216) 621-1113
Facsimile:	(216) 621-6165

*Attorney for Rubbermaid Commercial Products LLC*

## JURY DEMAND

Plaintiff Rubbermaid respectfully requests a trial by jury as to all issues so triable.

Respectfully submitted,

_____
Daniel L. Fitch (Virginia State Bar No. 26362)
WHARTON, ALDHIZER & WEAVER, PLC
Post Office Box 20028
100 South Mason Street
Harrisonburg, Virginia 22801-7528
Telephone:	(540) 434-0316
Facsimile:	(540) 434-5502

Todd R. Tucker (Ohio Reg. No. 0065617)
Thomas G. Fistek (Ohio Reg. No. 0077915)
RENNER, OTTO, BOISSELLE & SKLAR, LLP
1621 Euclid Avenue
Nineteenth Floor
Cleveland, Ohio 44115
Telephone:	(216) 621-1113
Facsimile:	(216) 621-6165

*Attorney for Rubbermaid Commercial Products LLC*